**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERCI OBDULIO LEMUS, | No. 06-73808 |
| Petitioner, | Agency No. A073-909-795 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Perci Obdulio Lemus, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen.  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KY/Research

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due claims of process violations. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Lemus' motion to reopen as untimely because the motion was filed more than 10 years after the final order of deportation, *see* 8 C.F.R. § 1003.23(b)(1), and Lemus failed to demonstrate that he acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled when petitioner acts with due diligence). Lemus' contention that the denial of his motion to reopen violated due process therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for due process violation).

Lemus' contention that the BIA violated his due process rights by refusing to accept his late-filed brief fails because the BIA has discretion to reject an untimely brief. *See* 8 C.F.R. § 1003.3(c)(1) (BIA has discretion, upon written motion, to extend the time period for filing a brief). Even assuming error, Lemus has failed to demonstrate prejudice. *See Lata,* 204 F.3d at 1246 (requiring prejudice to prevail on a due process challenge).

Lemus' contention that the BIA violated due process by failing to provide a transcript fails because he has not shown prejudice. *See id*.

To the extent Lemus contends that he received inadequate notice of his duty to voluntary depart, this court lacks jurisdiction to review the claim because it was not raised before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

In light of our disposition, we do not reach Lemus' remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**